UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SALEEM EL AMIN,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA,

    *Defendant*.

Civil Action No. 18-1811 (TJK)

## MEMORANDUM OPINION

Plaintiff Saleem El Amin, a federal inmate, requested his education records from his prison. Several months later, when he had not received those records, he filed the instant *pro se* complaint under the Privacy Act. The government then provided the records to him and moved to dismiss the complaint, arguing that the action was moot. El Amin opposed the motion but has not contested the government's representation that he has now received all the records he sought. The Court will therefore dismiss the complaint as moot and, for the reasons explained below, deny El Amin's motion for costs without prejudice.

**I.    Background**

El Amin requested his education records through an email addressed to a "Ms. Workman" in his prison's education department. ECF No. 1 Ex. 1. His email read, in its entirety, "I would like to view my education records and receive a copy for [my] files." *Id.* He subsequently filed an administrative claim with the Federal Bureau of Prisons (BOP) under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, alleging that the BOP violated the Privacy Act, 5 U.S.C. § 552a, by failing to provide him his records. ECF No. 1 App'x. The BOP denied

his claim because the Privacy Act is a federal statute, and the Federal Tort Claims Act concerns only the government's liability under state law. *Id.*

In March 2018, El Amin brought this suit under the Privacy Act, alleging that the BOP had violated his right to access his education records. ECF No. 1 at 3. In addition to access to the records themselves, he requested $1,000 in damages from the United States.[1] *Id.* at 4. In November 2018, before the government appeared, El Amin moved for it to pay his litigation costs. ECF No. 6. In May 2019, after the government appeared but before it responded to El Amin's complaint, it provided El Amin all the relevant records. *See* ECF No. 14 Ex. A. The next month, it moved to dismiss his complaint, arguing that the case was moot.[2] ECF No. 14. at 1–2. In El Amin's opposition to the motion to dismiss, he does not contest that he received all the records he requested. *See* ECF No. 16 at 2. He does, however, renew his demand for $1,000 in damages. *Id.*

## II. Analysis

### A. Government's Motion to Dismiss

Article III courts have jurisdiction only over "actual cases or controversies." *Indian River Cty. v. Rogoff*, 254 F. Supp. 3d 15, 18 (D.D.C. 2017). Mootness deprives courts of subject-matter jurisdiction, because there is no remaining "actual case or controversy" to adjudicate. *See Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013). As a result, a "motion to dismiss for mootness is properly brought under Rule 12(b)(1) because

---

[1] El Amin also requested $5,000 in damages from "Ms. Workman," whom the Court dismissed as a defendant because the Privacy Act does not authorize claims against individuals. *See* ECF No. 4.

[2] The government does not raise any argument about El Amin's failure to exhaust his administrative remedies or to submit a Privacy Act request in conformity with the relevant regulations. *See, e.g.*, *Mulhern v. Gates*, 525 F. Supp. 2d 174, 187 (D.D.C. 2007).

mootness itself deprives the court of jurisdiction." *Indian River Cty.*, 254 F. Supp. 3d at 18. A request for records under the Privacy Act is moot once a plaintiff receives "all the records responsive to his requests that are in the [agency's] possession, custody, or control." *Crummey v. Social Sec. Admin.*, 794 F. Supp. 2d 46, 60 (D.D.C. 2011). In considering a motion to dismiss for lack of subject-matter jurisdiction under 12(b)(1), "a court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case, as long as it still accepts the factual allegations in the complaint as true." *W. Va. Highlands Conservancy v. Johnson*, 540 F. Supp. 2d 125, 133 (D.D.C. 2008). Because El Amin is proceeding *pro se*, the Court must construe his filings liberally. *Cunningham v. Dep't of Justice*, 40 F. Supp. 3d 71, 82 (D.D.C. 2014).

El Amin received his Inmate Education Data Transcript—that is, his education records in the custody of the BOP—in April 2019. ECF No. 14-1 Exs. A, B. The government contends that these are all the records El Amin requested, ECF No. 14 at 1, and El Amin does not argue otherwise, ECF No. 16 at 2. The Court therefore treats this argument as conceded. *Inst. for Policy Studies v. CIA*, 246 F.R.D. 380, 386 n.5 (D.D.C. 2007) ("[W]here a party files an opposition to a motion and addresses only certain arguments raised by the movant, this court routinely treats the unaddressed arguments as conceded pursuant to Local Rule 7(b)."). Because El Amin has received all the records at issue, his request for them is moot, and the Court will dismiss the complaint for lack of subject-matter jurisdiction.[3]

---

[3] As noted above, El Amin also requested money damages in his opposition. But the Privacy Act does not authorize them in connection with his particular claim. The statute authorizes money damages when a plaintiff's claim falls under 5 U.S.C. § 552a(g)(1)(C) (failure to maintain a record) or (D) (failure to comply with another provision or rule). *See* 5 U.S.C. § 552a(g)(4). However, despite his references to other provisions of the statute in his complaint, El Amin's claim falls under 5 U.S.C. § 552a(g)(1)(B) (failure to comply with an individual request to access a record), for which no such damages are authorized. And in any event, El Amin has neither

### B. El Amin's Motion for Costs

Shortly after filing his complaint, El Amin moved for the government to "pay litigation cost[s] for invasion of privacy," citing 5 U.S.C. § 552a(g)(2)(B). ECF No. 6 at 2. He requested $300. *Id.* The Privacy Act authorizes the Court to award a plaintiff litigation costs in connection with a claim, such as El Amin's, that the government failed to comply with an individual request to access a record, if the plaintiff has "substantially prevailed" in the litigation. 5 U.S.C. § 552a(g)(3)(B). But on this record, the Court must deny his motion without prejudice. Even assuming that El Amin has "substantially prevailed" in this case,[4] a plaintiff must provide documentation of his litigation costs to recover them. *Blazy v. Tenet*, 194 F.3d 90, 97–98 (D.C. Cir. 1999). El Amin has provided no such documentation. *See* ECF No. 6 at 2 (requesting $300, without further explanation); ECF No. 16 at 2 (requesting "court fees" without specifying an amount). For these reasons, the Court will deny El Amin's motion for costs without prejudice.

---

adequately pled nor shown that the government's violation here was "intentional or willful" or that he has suffered "actual damages," as required under 5 U.S.C. § 552a(g)(4). *See also Doe v. Chao*, 540 U.S. 614, 627 (2004).

[4] "[T]he mere filing of the complaint and the subsequent release of . . . documents is insufficient to establish" that a plaintiff has "substantially prevailed." *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1496 (D.C. Cir. 1984). The plaintiff seeking such fees must show that the prosecution of the action was reasonably necessary to obtain the records at issue. A "plaintiff will not be eligible for an award of fees if the release of documents was independent of the lawsuit, or where it was due to routine administrative processing." *Kuffel v. Bureau of Prisons*, 882 F. Supp. 1116, 1127 (D.D.C. 1995) (citing *Weisberg*, 745 F.2d at 1496–97).

## III.  Conclusion

For all these reasons, the Court will grant the government's Motion to Dismiss (ECF No. 14) and deny without prejudice El Amin's Motion to Pay Litigation Costs (ECF No. 6).  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 10, 2019